## Buskirk-Rutledge Lumber Company v. Browning.

(Decided December 19, 1924.)

### Appeal from Whitley Circuit Court.

1. Sales—Seller's Indorsement of Acceptance Near Top of Buyer's Order Instead of at Bottom did Not Affect Validity of Contract.— That seller's acceptance of buyer's offer was indorsed near top of buyer's order instead of at bottom did not prevent it from being valid contract.

2. Sales—Evidence Held Insufficient to Show Oral Agreement to Modify Written Contract for Sale at Specified Prices.—Evidence held insufficient to show that written contract to sell lumber at specified prices was modified by subsequent oral agreement to pay market prices.

3. Sales—Burden on Seller to Prove Contract Modified by Oral Agreement to pay Market Prices and to Prove Market Value.— Where buyer which advanced money for lumber sued for advancements in excess of deliveries, burden was on seller to prove sub-

sequent oral contract that payment should be at market prices, and to prove market value of lumber delivered thereunder.

4. Sales—Proof of Approximate Average Market Prices Held Insufficient Proof of Market Prices.—Proof of approximate average market prices for different grades of lumber, delivered at different times and in varying quantities, did not meet burden on seller to prove market prices of lumber delivered.

5. Trial—Objection to Instruction Not Waived by Failure to Move for Directed Verdict where Some Evidence Favorable to Adverse Party.—Where there was some evidence, though slight, to support seller's contention that contract had been amended, buyer was not entitled to directed verdict, and, having objected and excepted to instruction submitting the question, question was not waived by failure to move for directed verdict.

STEPHENS & STEELY for appellant.

R. L. POPE and POPE & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On August 23, 1919, appellant lumber company offered to buy from appellee poplar and oak lumber, and to pay therefor named prices for specified grades and dimensions. The offer was made in writing, and on September 1, 1919, Browning indorsed his acceptance thereon and returned same to the lumber company. In the contract thus executed, it was provided that the lumber was to be inspected when received by the purchaser, f. o. b. cars at Pleasant View, in Whitley county, Ky., and to be delivered during the next six months. By other contracts similarly executed, the lumber company also purchased of Browning several carloads of ties and other kinds of lumber than that included in the first contract.

Between August 23, 1919, and October 2, 1920, the lumber company advanced to Browning on these several contracts various sums, aggregating $7,525.00, and he furnished to it, between January 1 and October 28, 1920, 16 carloads of the different kinds, grades, and dimensions of lumber described in these contracts, which, at the specified prices aggregated $6,103.30. According to the terms of the written contracts, this left a balance of $1,421.70 due the lumber company for advancements in excess of deliveries.

After writing Browning several letters in December and January, urging him to make deliveries to cover advancements, and receiving no response from him, the lumber company, in March, 1921, instituted this action

in the Whitley circuit court, to recover judgment for the above balance, and filed an itemized statement of advancements and-shipments.

Browning answered, admitting that he had received advancements and made shipments as stated in the itemized statement filed with the petition, but denying that he had received credit for all the lumber he had shipped, and alleging that the written contract for poplar and oak lumber expired by its terms in six months and that after its expiration it was orally agreed between him and the plaintiff that for all such lumber shipped by him he should receive market prices instead of the prices specified in the written contract, and that crediting him with the market prices therefor overpaid plaintiff in the sum of $880.83, for which, by counterclaim, he sought judgment against it.

A traverse of the material averments of the counterclaim completed the issues, and upon a trial before a jury, defendant recovered a verdict upon his counterclaim for $810.50, and from the judgment entered thereon the plaintiff has prosecuted this appeal.

Counsel for appellee practically admit that, upon the evidence, appellant was entitled to recover the amount sued for, unless the evidence sustained Browning's contention that the original contract for poplar and oak lumber was so altered by subsequent oral agreement as to substitute market price at the time of delivery for the prices specified in such written agreement. The only qualification upon this admission is the claim that plaintiff's offer of August 23, 1919, to buy poplar and oak lumber, and the acceptance thereof upon September 1st by defendant, does not constitute a written contract because defendant's acceptance was indorsed near the top rather than at the bottom of the written order. That this contention is without merit is too patent to admit of argument.

In support of his contention that this contract was changed by subsequent oral agreement, whereby defendant was to receive market prices instead of specified prices for poplar and oak lumber delivered, there is no testimony except that of the defendant himself, and even his testimony upon that question is neither clear nor convincing. He simply states:

"I told Rutledge I couldn't furnish more sill stocks at $30.00, that it was worth $50.00, or it would

be immediately, and I would get some out at $40.00. and he took one carload at that, but he was to pay the market price for 4/4 poplar and oak, and 5/4 oak and 6/4 poplar."

His counsel also asked him, "You were to have from the plaintiff company the market price for all poplar and oak?" and he answered, "Yes, sir. Yes, sir, lumber had gone up, and teams and hands had also advanced."

It will be noticed that he states a conclusion simply, without giving any promise or agreement upon the part of Rutledge for the company to sustain it. At that time, although the company had advanced him more than $2,000.00 on the written contract for poplar and oak lumber, he had not shipped any of either kind, and it would be most unusual for the company, under such circumstances, to agree, without any consideration therefor other than a generous disposition, to advance the prices over the contract price.

Rutledge and Patrick, the only other parties present at the time, positively deny any such oral agreement. There is no mention of same in the subsequent correspondence between the parties, and its existence is refuted by the absence of any consideration therefor, the conduct of the parties, their several written contracts, and customary methods of doing business.

We are therefore of the opinion that the verdict of the jury in favor of the defendant upon this question is flagrantly against the evidence, and that for this reason the judgment entered thereon dismissing the petition must be reversed.

It was incumbent upon the defendant, in order to entitle him to a recovery upon his counterclaim, to prove, not only the alleged oral agreement, but also the market value of the different grades and dimensions of poplar and oak lumber furnished by him, and of this there is no proof whatever, except proof of an advance in market prices between the dates of the contract and the deliveries, and the statement by the defendant himself that the average of prices for poplar and oak as specified in the contract was about $26.00 per 1,000 feet, and that at the times of delivery the average market prices were, for poplar about $70.00, and for oak, at least $60.00 a thousand feet. He was then asked by his attorney if he would have been indebted to the plaintiff if it had credited him for the poplar and oak lumber shipped at the market

prices, and he answered, "I would not if they had paid me the market price—they would owe me $860.00."

There is absolutely no evidence upon which the verdict of the jury in favor of the defendant for $810.50 could have been based, nor is there any evidence that could have enabled them to ascertain what amount, if any, was due either party, or to which it was due at market prices for the different grades and dimensions of poplar and oak lumber upon the several dates of delivery, since there is absolutely no evidence as to the market price at any time of any of the different grades, kinds, and dimensions involved.

Hence even if the oral alteration of the written contract had been established, an adjustment of accounts upon that basis could not possibly have been made by the jury upon the evidence in the case, since manifestly such an adjustment was impossible with no other information as to market prices during a period of ten months except the statement by defendant that for poplar it averaged about $70.00 a thousand feet, and for oak at least $60.00.

To have entitled defendant to recover on his counterclaim, he must have furnished, by evidence, more than an approximate average of prices for all of the several grades furnished at different times and in varying proportions, and not having done so, the court erred in submitting that question to the jury.

It is insisted, however, for appellee, that in failing to move for a directed verdict, this error, if any, was waived, but this is not true. There was some evidence, although but slight, to support defendant's contention that the contract sued on had been amended, and defendant therefore was not entitled to a directed verdict, and, having objected and excepted to the instruction submitting to the jury the right of the defendant to recover upon his counterclaim, that question was reserved and not waived.

There are several other assignments of error, but finding no merit in them, they need not be discussed, as for the reasons already assigned the judgment must be reversed.

Wherefore the judgment is reversed, and the cause remanded for a new trial not inconsistent herewith.